UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIS K. BAIRD JR.,

    Plaintiff,

 v.              Case No. 18-cv-894-pp

IRIS, INC. USA,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE APPEAL (DKT. NO. 50)**

  On September 25, 2020, this court granted the defendant's motion for summary judgment. Dkt. No. 46. The court found that many of the plaintiff's discrimination claims exceeded the scope of his prior complaints, did not constitute materially adverse employment actions or were otherwise time barred. Id. The court explained to the plaintiff that if he wanted to appeal, he must file a notice of appeal within thirty days after the entry of judgment and cautioned that it expected the parties to closely review all applicable rules. Id. at 33-34. The order also explained that the court could extend the thirty-day deadline "if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline." Id. at 33. The court entered judgment that same day. Dkt. No. 47. Thirty-two days later, the plaintiff filed a motion for extension of time to file appeal. Dkt. No. 50. Because the plaintiff has shown good cause, the court will grant the motion.

1

## I. Legal Standard

A notice of appeal in a civil case must be filed with the district court within thirty days of the entry of the judgment or order appealed. Federal Rule of Appellate Procedure 4(a). The court may grant a motion for an extension of time to file a notice to appeal if the motion is filed no later than thirty days after the time prescribed by Rule 4(a) expires and the party shows "excusable neglect" or "good cause." Fed. R. App. P. 4(a)(5)(A); 28 U.S.C. §2107(a). Following the 2002 Amendment to Rule 4, the legal standard of "excusable neglect" or good cause" may be used regardless of whether the motion to extend is filed before the Rule 4(a) deadline or after. Sherman v. Quinn, 668 F.3d 421, 425 (7th Cir. 2012); see also Nestorovic v. Metro. Water Reclamation Dist. of Greater Chi., 926 F.3d 427, 431 (7th Cir. 2019).

"[T]he excusable neglect standard applies in situations in which there is fault" and "the good cause standard applies in situations in which there is no fault." Sherman, 668 F.3d at 425. "The excusable neglect standard is equitable," and considers "relevant circumstances, including (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay (i.e., whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith." Satkar Hosp., Inc. v. Fox Television Holdings, 767 F.3d 701, 707 (7th Cir. 2014) (citing Sherman, 668 F.3d at 425). The first and second factors "do little analytical work in this context and thus are rarely dispositive." Id.

2

The filing of a notice of appeal requires the appellant to provide the following information: (1) identify the party or parties in the appeal in the caption or body of the notice; (2) designate the judgement that is being appealed; and (3) name the court to which the appeal is taken. Fed. R. App. P. 3(c)(1). The appellant must send copies of the notice to the district clerk in a timely manner so the clerk can properly serve the notice under Rule 3(d). Fed. R. App. P. 3(a)(1).

## II. Analysis

The plaintiff cites three reasons for needing the extension of time: (1) COVID-19; (2) the civil unrest in his community; and (3) other pending litigation. Dkt. No. 50 at 1-2. The defendant opposes the motion on the ground that none of these reasons are credible reasons. Dkt. No. 53 at 2-3. The defendant argues that the plaintiff has not identified which of the two standards should apply—excusable neglect or good faith—and cannot meet either standard. Id. at 2, n. 1.

The plaintiff cites several external causes for his delay in filing a notice of appeal, beginning with the impact of the global pandemic. He explains that "the current health crisis of covid 19 has made it difficult if not impossible for plaintiff to obtain all information needed in order to file a notice of appeal within the 30 day period, including seeking assistance from an attorney who will only meet over zoom, which plaintiff doesn't have the capabilities to do, facilities closed such as law library, libraries, etc. and the inability to earn money . . . ." Dkt. No. 50 at 2. The defendant says this reason alone is

insufficient because the plaintiff had the information he needed to file the notice of appeal and cited the appropriate Federal Rule of Appellate Procedure in his motion. Dkt. No. 53 at 2.

The court is not persuaded that citing Fed. R. App. P. 4 (a)(5)(A) undermines the plaintiff's ability to satisfy the more lenient good faith standard. The court explained in its order granting summary judgment that it could extend the deadline for filing a notice of appeal if the plaintiff "requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline." Dkt. No. 46 (citing Fed. R. App. P. 4(a)(5)(A)). The plaintiff may have been relying on the citation provided by the court. The plaintiff provided reasons for needing additional time—he couldn't meet with an attorney because he did not have ZOOM and facilities such as law libraries and other libraries were closed. Had the plaintiff intentionally waited to appeal until he could speak with an attorney, that would not be a valid excuse. See Nestorovic v. Metro. Water Reclamation, 926 F.3d 427, 432 (7th Cir. 2019). The defendant implies that the plaintiff did not need to meet with an attorney to file a notice of appeal—a person needs only three pieces of information to file the notice of appeal, which is a brief document with no legal citations. But the plaintiff is not a lawyer; there is no indication that he would have known that.

The second reason the plaintiff cites is slightly more problematic. While civil unrest is a circumstance beyond the plaintiff's control, it is not clear how the civil unrest impeded the plaintiff's ability to file a notice of appeal. The plaintiff says that "the recent killing of a 19 year old African American by a

4

Waukegan police officer on October 20th, 2020, on a street [he] grew up on and a family [he] grew up with, by the department [he] was a police officer at has placed [him] directly involved in that matter." Dkt. no. 50 at 2. He does not explain what he means by "directly involved."

As for the third reason, the plaintiff asserts that he has been "involved in another important legal matter as a complainant in which discovery has been open for approx. 1 month and closes on 11/23/2020 in which its very difficult to participate in." Dkt. No. 50 at 2. The court infers that the plaintiff—not being a lawyer—had a number of different things going on at the time his notice of appeal was due and he was having trouble doing all of them. Because he describes himself as the "complainant," it appears that the plaintiff chose to bring another lawsuit, just as he chose to bring this one. Plaintiffs have the right to bring more than one lawsuit, but then must be prepared to meet the deadlines in all cases.

On balance, the court is satisfied that the plaintiff sought the extension within thirty days of receiving the court's order, satisfied the requirements of Rule 4(a)(5)(A) and demonstrated good cause. The court understands the defendant's objections but will overrule them and give the plaintiff the time he has requested.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for an extension of time to appeal. The court **ORDERS** that the plaintiff shall file his notice of appeal by the end of the day on **August 18, 2021**. If the court does not receive the

plaintiff's notice of appeal by the end of the day on August 18, 2021, he may forfeit his opportunity to appeal the court's decision.

Dated in Milwaukee, Wisconsin this 19th day of July, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**